IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

                              Petitioner,

           v.                               CASE NO.  08-3058-SAC

STEVEN SIX,
Attorney General of Kansas,

                              Respondent.


DALE E. McCORMICK,

                              Plaintiff,

           v.                               CASE NO.  07-2605-SAC

ROGER WERHOLTZ,
et al.,

                              Defendants.


                         O R D E R

     This petition for writ of habeas corpus, 28 U.S.C. § 2254,

was filed and the filing fee was paid by an inmate of the Lansing

Correctional Facility, Lansing, Kansas.  Mr. McCormick challenges

his convictions in the District Court of Douglas County, Kansas,

upon trial by jury of aggravated kidnaping, aggravated burglary,

and aggravated intimidation of a witness[1].  He represented himself

at trial, with standby counsel, and was sentenced on April 15,

2004, to 213 months in prison.  He directly appealed his

convictions to the Kansas Court of Appeals (KCOA), with the

_____

[1]
     It appears other drug-related charges were tried upon stipulated facts, and
were not appealed.  Thus, petitioner has not exhausted state remedies on his drug
convictions.  He has also not raised any claims with regard to his drug-related
convictions.  The court has no reason to consider these convictions in this
action, and the statute of limitations on them is not affected by the filing of
this action on other convictions.

assistance of appointed appellate counsel, and the KCOA affirmed on May 25, 2007.  His Petition for Review was denied on September 27, 2007.  He did not file a petition for certiorari in the United States Supreme Court.

Mr. McCormick apparently has not filed a state post-conviction action in the trial court since his direct appeal was completed.  However, on November 28, 2007, he filed a 101-page "petition for writ of habeas corpus, pursuant to Ks.Sup.Ct.Rule 9.01[2]" directly in the Kansas Supreme Court (original action).  The Kansas Supreme Court summarily denied this petition on December 18, 2007.

**GROUNDS ALLEGED**

As ground one for his federal Petition, Mr. McCormick claims he was denied the right to a "disinterested prosecutor."  He alleges he did not raise this claim on direct appeal, but raised it in his original action.

As ground two, petitioner claims much of the State's evidence introduced at trial was the product of a search of his residence that violated the Fourth Amendment.  He alleges he raised this claim on direct appeal and in his original action.

As ground three, petitioner claims evidence was introduced that was the product of an illegal search of his backpack.  He

---

[2] Ks.Sup.Ct.Rule 9.01(a)(Original Actions) provides: "Cases of Concurrent Jurisdiction.  Original jurisdiction of an appellate court will not ordinarily be exercised if adequate relief appears to be available in a district court.  If relief is available in the district court, the petition shall state, in addition to all necessary allegations, the reasons why the action is brought in the appellate court instead of in the district court.  In the event the appellate court finds that adequate relief is available in the district court, it may dismiss the action or order it transferred to the appropriate district court."

alleges he presented this claim to the KCOA and in his "pro se supplemental petition" to the Kansas Supreme Court on direct appeal, as well as in his original action.

As ground four, petitioner claims he was denied his right to counsel in violation of the Sixth Amendment.  He alleges he raised this claim on direct appeal and in his original action.

As ground five, petitioner claims he was denied a fair trial by "pervasive government misconduct."  He alleges he raised these claim in his original action.

As ground six, petitioner claims the trial court improperly refused to allow him to use the victim's diary at trial.  He alleges he presented this claim in his original action.

As ground seven, petitioner claims there was insufficient evidence to support the "bodily harm" element of aggravated kidnaping under Kansas law, and that the instruction on this element was erroneous.  He alleges he presented this claim to the KCOA on direct appeal, to the Kansas Supreme Court in his supplemental petition for review on direct appeal, and in his original action.

As ground eight, petitioner claims the State presented an invalid alternative theory on the aggravated intimidation of a witness charge, and the charge must be set aside.  He alleges he presented this claim in his original action.

As ground nine, petitioner claims ineffective assistance of appointed appellate counsel based on the alleged failure of counsel to present several issues and critical facts during his direct appeal.  He alleges he presented this claim in his original action.

As ground ten, petitioner claims cumulative error.   He

3

alleges he presented this claim in his original action.


**EXHAUSTION OF STATE COURT REMEDIES**

Mr. McCormick insists in his Petition and other pleadings that all his grounds for relief have been fully exhausted.  He has also filed a "Notice" regarding exhaustion (Doc. 3) in which he states that while some of his claims were not exhausted "through conventional methods in State courts," he has "ample authority" that they are nonetheless exhausted or that he "fits within several exceptions" to the exhaustion requirement.  He further asserts that the exhaustion prerequisite may be waived by respondent.   Mr. McCormick was informed by this court in <u>McCormick v. Werholtz</u>, 07-2605 (D. Kan., Feb. 8, 2008, unpublished) of this court's concern that some of his habeas claims may not have been fully and properly exhausted.[3]   There, this court stated:

> Mr. McCormick's claims are not exhausted unless and until he has presented each of them, including all crucial facts and legal theories in support, to the state district court, the Kansas Court of Appeals, and the Kansas Supreme Court. . . .
>
> If plaintiff has not fully exhausted state court remedies on each of the claims he wishes to

---

[3]     28 U.S.C. 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

<u>Id</u>.  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  <u>Id</u>. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).

4

present in federal court, it is crucial that he immediately file a proper action in state court, such as a petition under K.S.A. § 60-1507, raising all such claims that were not raised during his direct appeal (footnote omitted).   He is so advised because the one-year statute of limitations for filing a federal habeas corpus action is tolled when a properly filed state post-conviction motion is pending concerning his claims[4], but not during the time a premature federal habeas corpus action is pending.

Id.   There would be no question that Mr. McCormick clearly exhausted and followed proper procedures had he presented all his claims not raised on direct appeal in a post-conviction motion filed first in the state district court in which he was tried, and if relief was denied, then by appeal to the Kansas Court of Appeals, and if that court denied relief, by a Petition for Review in the Kansas Supreme Court[5].   This court is not provided with sufficient facts or legal arguments at this time to determine that petitioner has not exhausted state court remedies on all his claims.   Mr. McCormick insists on proceeding herein knowing that the issue is undecided.   As Mr. McCormick was warned in his other

---

[4]      28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

[5]      Petitioner argues he was not required to raise his claims in the district court in a post-conviction action because they already had been or would have been denied.  However, he does not explain how that excuses him from appealing any denial of relief on particular claims by the district court to the KCOA and the Kansas Court of Appeals through proper procedures.  In particular, claims like denial of effective assistance of appellate counsel are typically raised in post-conviction proceedings.

action, if it is determined some time from now that any of his habeas claims are premature, the statute of limitations will have run all the while this action is pending.  Plaintiff is charged with diligence in proceeding so as not to forfeit his right to federal habeas corpus review.

**MOTION TO TRANSFER EXHIBITS**

Petitioner filed numerous exhibits in support of his habeas corpus claims in his earlier filed, presently pending civil rights action, McCormick v. Werholtz, Case No. 07-2605.  His habeas claims have been completely dismissed from that case, and that case is proceeding on unrelated First Amendment claims only.  He now moves the court transfer the exhibits which support his habeas claims to this case.  The court finds this motion should be granted.  The Clerk is directed to physically remove Documents 2, 3, 4, 5, 6, and 7 from Case No. 07-2605, and file those documents in this case as exhibits to the Petition filed herein.  The Clerk should note on the docket in Case No. 07-2605 that plaintiff's exhibits filed therein have been removed and transferred to this case upon motion of plaintiff.  Those exhibits shall be considered stricken from the record in Case No. 07-2605, as they have no relation whatsoever to the claims pending therein.

**MOTION FOR BAIL**

The court has considered petitioner's motion and memorandum together with his Petition, and finds he does not show that his alleged grounds for habeas corpus relief are so compelling that he should either be released on bail or afforded expedited process

6

beyond that already afforded to all habeas corpus applicants alike in federal court.   Accordingly, his motion for bail, or in the alternative, for expedited proceedings (Doc. 6) is denied.

## SHOW CAUSE ORDER

Having examined the materials filed in this case, the court finds:

1.   Petitioner is presently a prisoner in the custody of the State of Kansas; and

2.   petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

**IT IS THEREFORE ORDERED THAT**:

1.   Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2.   The response should present:

(a)  the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

(b)  an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3.   Respondents shall cause to be forwarded to this court

for examination and review the following:

> the records and transcripts, if available, of the
> criminal proceedings complained of by petitioner,
> if a direct appeal of the judgment and sentence of
> the trial court was taken by petitioner,
> respondents shall furnish the records, or copies
> thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of
this court will return to the clerk of the proper state court all
such state court records and transcripts.

4.   The petitioner is granted ten (10) days after receipt
by him of a copy of the respondents' answer and return to file a
traverse thereto, admitting or denying under oath all factual
allegations therein contained.

5.   The clerk of this court then return this file to the
undersigned judge for such other and further proceedings as may be
appropriate; and that the clerk of this court transmit copies of
this order to petitioner and to the office of the Attorney General
for the State of Kansas.

**IT IS FURTHER ORDERED** that petitioner's Motion to Transfer
Exhibits (Doc. 2) is granted and the Clerk is directed to strike
and remove Documents 2,3,4,5,6, and 7 from Case No. 07-2605, and
file those documents in this case as Exhibits to the Petition.

**IT IS FURTHER ORDERED** that petitioner's Motion for Bail, or
in the Alternative, Motion to Expedite Proceedings (Doc. 6) is
denied.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2008, at Topeka, Kansas.

8

9

s/Sam A. Crow
U. S. Senior District Judge