```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

                Petitioner,

       v.                          CASE NO.  08-3058-SAC

**STEVEN SIX,**
Attorney General of Kansas,

                Respondent.

### O R D E R

This matter is before the court upon petitioner's "Motion to Change Judge" (Doc. 19) for prejudice and bias. The court treats this as a Motion for Recusal pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1).

Having considered the motion, the court is not convinced it is timely, since the underlying allegations were obviously available to petitioner months before this Petition was filed. "A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered." Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987); U.S. v. Pearson, 203 F.3d 1243, 1276 (10th Cir. 2000)("A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process.").

However, even if petitioner's motion is considered timely, it must be denied. Mr. McCormick's allegations of prejudice and bias

1

are based entirely upon his disagreement with this judge's rulings and case administration in a prior habeas corpus action filed by him to challenge unrelated convictions. Such allegations are not appropriate grounds for recusal under Section 144, see Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).

Likewise, petitioner has not shown a proper basis for recusal under Sections 455(a) or (b)(1)[1]. In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993. Under Section 455, factual allegations need not be taken as true. Hinman, 831 F.2d at 939. "Nor is the judge limited to those facts presented by the challenging party." Id. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993. "There is as much obligation for a

---

[1] 28 U.S.C. § 455, "Disqualification of judge," provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and in other circumstances listed therein including conflicts of interest and "where the judge has a personal bias or prejudice concerning a party. . . ."

judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman, 831 F.2d at 939.

In Nichols, the Tenth Circuit listed seven frequently alleged bases for recusal that usually do not warrant it, including (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; . . . (and)(3) prior rulings in the proceeding, or another proceeding, solely because they were adverse. . . ." Id., FN6.  The United States Supreme Court has instructed:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540 (1994).  It is clear that a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation." In re Bennett, 283 B.R. 308, 322 (10th Cir. 2002), citing Hinman, 831 F.2d at 939; Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000).

Mr. McCormick's statement that his prior case was allowed to languish" for fifteen months[2] before it was determined is nothing more than conclusion and innuendo.  In reality, the docket sheet

---

[2] The docket shows the Petition in Case No. 06-3098 was filed on April 3, 2006, and dismissed on July 6, 2007.

and record from that case reveal that several motions and orders were entered therein including the granting of extensions of time to both parties; difficult issues were presented; a show cause order was issued to respondents who then filed a motion to dismiss; petitioner and respondent were required to expand the record to present additional facts, address certain issues, and make legal arguments; and that these matters were determined in a timely manner.

Petitioner's labeling of the undersigned judge's rulings in his prior case as "prevarications" and "patently false," and his claims that the court ignored his arguments also amount to nothing more than conclusions based upon his disagreement with the court's rulings. This court cited the portions of the state record on which its findings were based.

Mr. McCormick also alleges that the court exhibited bias in his case by "advancing" issues before and beyond the efforts put forth by respondents. The court properly required that petitioner file additional pleadings to show whether or not he satisfied the "in custody" requirement before as well as after the issue was addressed by respondents. A habeas corpus action differs from a regular civil action in that facts must be stated in the initial pleading showing the petitioner is "in custody" pursuant to the challenged conviction, grounds for federal habeas corpus relief are presented, and that state court remedies have been exhausted. The

judge may, before requiring any response, require that certain additional information, materials, or arguments be provided by the petitioner with regard to these prerequisites. <u>See</u> Rules Governing § 2254 Cases, Rule 7, 28 U.S.C. foll. § 2254.  Mr. McCormick's prior habeas petition was ultimately dismissed based upon this court's conclusion that he did not satisfy the "in custody" prerequisite.

The court's rulings in petitioner's prior case were not the product of partiality, bias or prejudice; and an objective, reasonable observer knowing all the relevant facts would not perceive them as such.  Bearing in mind that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," <u>Nichols</u>, 71 F.3d at 351, this court concludes it cannot grant petitioner's motion.

**IT IS THEREFORE ORDERED** that petitioner's "Motion to Change Judge" is denied.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge