**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DALE E. McCORMICK,

                Petitioner,

      v.                      CASE NO.  08-3058-SAC

STEVEN SIX,
Attorney General of Kansas,

                Respondent.

<u>O R D E R</u>

    This matter is before the court upon petitioner's "Addendum" (Doc. 21) to his prior motion to recuse and petitioner's Motion to Order Respondent to Produce the Entire State Court Record and to File a Limited Answer and Return (Doc. 22).

    The court denied petitioner's motion to recuse by order (Doc. 20) entered the day before it received petitioner's Addendum.  The Addendum is thus treated as a motion for reconsideration of the court's denial of petitioner's motion to recuse.  The Addendum simply contains Mr. McCormick's expressions of dissatisfaction with the court's rulings in the instant case.  The court's rulings in this case were not the product of partiality, bias or prejudice; and an objective, reasonable observer knowing all the relevant facts would not perceive them as such.  The court concludes sufficient additional grounds are not stated in the Addendum to require recusal of the undersigned judge.  Accordingly, reconsideration of the court's order denying petitioner's motion to recuse is denied.

1

The court has also considered Petitioner's Motion to Order Respondent to Produce the Entire State Court Record and to File a Limited Answer and Return (Doc. 22), and finds it should be denied at this juncture. Petitioner does not show his entitlement to an order requiring respondents to file an Answer and Return and provide the entire state court record prior to his response to and resolution of respondent's motion to dismiss based upon the assertion that petitioner has failed to exhaust state court remedies on all his claims.

This habeas action for now, despite several unnecessary filings by petitioner, is proceeding like all other state habeas corpus actions in this district. The court always and properly screens habeas corpus petitions for exhaustion of state court remedies. Mr. McCormick's case was screened for exhaustion, and the court found exhaustion was not clearly shown on all his claims. Petitioner was properly required to allege full and complete exhaustion, information that is required on the court's form petition[1], as is every litigant whose petition does not show exhaustion. This district's form petition is substantially similar to the forms appended to and required by the Rules Governing § 2254 Cases, Forms, 28 U.S.C. foll. § 2254. Mr. McCormick may not agree with the federal laws and rules governing habeas corpus claims, but they apply to him the same as to all other habeas corpus litigants.

---

[1]

Mr. McCormick chose not to initially file his claims on the court-provided forms despite local rules requiring their use, and initially raised his habeas claims in an unrelated civil rights action, even though he is an experienced and skilled litigator.

2

**IT IS THEREFORE ORDERED** that petitioner's Addendum (Doc. 21) is treated as a motion for reconsideration of the court's order denying petitioner's Motion to Recuse and is denied; and that petitioner's Motion to Order Respondent to Produce the Entire State Court Record and to file a Limited Answer and Return (Doc. 22) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

3