**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DALE E. McCORMICK,

                    Petitioner,

          v.                         CASE NO.  08-3058-SAC

STEVEN SIX,
Attorney General of Kansas,

                    Respondent.

                         O R D E R

     This matter is before the court upon respondent's Motion to
Dismiss for Failure to Exhaust Available State Court Remedies (Doc.
16), petitioner's Motion to Alter or Amend Judgment (Doc. 24), and
petitioner's Motion to Expedite Proceedings (Doc. 29).


**MOTION TO ALTER OR AMEND JUDGMENT**

     Petitioner has filed a Motion to Alter or Amend Judgment (Doc.
24) challenging the court's Order entered March 12, 2008.  As
grounds for this motion, he argues that this court's denial of his
motion for bail (Doc. 6) was not decided under an appropriate
standard, and that the court incorrectly found he was not
challenging his "so-called 'drug-related' convictions" in this
case.

     As to the latter objection, the court finds petitioner has not
presented in either of the two habeas petitions submitted herein

                              1

any claim, or even any facts or arguments that could be construed as a claim, regarding his drug convictions or the evidence stipulated to in his separate court trial on drug charges. Petitioner's statements in his "original action[1]" cited in his federal Petition for "the reasons" the search warrant was illegal, are not sufficient to be either "incorporated" or construed as claims herein on his drug convictions.   Even if this court considered petitioner's statements in his original action as allegations in his federal Petition, those Fourth Amendment claims do not include any allegations that drug evidence was improperly seized or admitted.   In his original action petitioner listed the evidence he claimed was illegally admitted and prejudicial.   All was admitted in his kidnaping trial; and he did not list marijuana plants, growing equipment, or drug paraphernalia.   Id. at 34-40. While the court must liberally construe a pro se pleading, it may not add claims that simply are not presented.

Furthermore, even if petitioner's claims in his federal Petition could be read to include challenges to his drug convictions, his own statement shows these challenges have not been exhausted in the state appellate courts and may even have been procedurally defaulted.   In his "original action" to the Kansas

---

[1]

Petitioner's 101-page action filed directly in the Kansas Supreme Court (Kan.App. Case No. 99643) seeking habeas corpus relief under Kan.S.Ct.Rule 9.01(a), Exhibits in Support of Petition (Doc. 9), Vol. 1, Appendix B, is hereinafter often referred to as his "original action" and cited as "Appendix B."

Supreme Court, petitioner stated:

> During the execution of the search warrant, officers
> (discovered) a small, personal marijuana-growing
> operation in the basement of petitioner's home. This
> resulted in petitioner being charged with four
> cultivation-related charges. The drug charges were tried
> at a severed trial, on stipulated facts (citations
> omitted).

Appendix B, at 27-28. He added in a footnote that his appellate
counsel "failed to mention these drug charges or convictions in her
brief to the KCOA" or the Petition for Review. The court concludes
petitioner's challenges to his drug convictions are not presented
in his federal Petition, and therefore denies his motion to alter
or amend on this ground.[2]

Petitioner's attack on this court's judgment denying his
Motion for Release on Bail or for expedited treatment of his
Petition is not supported by adequate grounds. A decision has yet
to be rendered in this pending habeas corpus action. Thus,
petitioner was not seeking release "pending review" of a decision

---

[2]

This is another dilemma caused by petitioner's attempt to proceed in
federal court prior to properly and fully exhausting state court remedies on all
his potential claims. His Fourth Amendment exhausted and unexhausted claims are
obviously intertwined. He has presented challenges to evidence seized at his
residence and introduced at his kidnaping trial, and exhausted state court
remedies on these particular Fourth Amendment challenges. However, he has not
exhausted his Fourth Amendment claims as to drug evidence. Respondent submits
that the issues concerning petitioner's drug convictions are "subsumed" within
his other Fourth Amendment claims, but not reviewable under Stone v. Powell.
Petitioner, at his separate court trial, did expressly "preserve" for appeal his
Fourth Amendment objections to the search and the drug evidence. Nevertheless,
if his appellate counsel declined or failed to raise these objections on appeal,
they are at least unexhausted and may even be procedurally defaulted.
Petitioner's ineffective assistance of appellate counsel claim, which might
include counsel's failure to challenge his drug convictions as a ground, is
another clearly unexhausted claim.

3

by this district court either granting or denying habeas corpus relief.  The only orders in existence at this point are outstanding state court judgments by which Mr. McCormick stands adjudged guilty as charged and convicted.  He sought an order releasing him on bail before his case was in a posture obliging respondents to address the merits and before establishing he is properly in federal court.  His motion for release on bail and his superfluous motion for expedited treatment were and remain without sufficient basis.  It would be inappropriate for this court to enlarge petitioner on bail at this juncture based upon the self-serving arguments and allegations in his motion.  See Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964).  The court tried to devote no more time than these requests warranted by issuing an immediate denial with little discussion[3].  However, petitioner insists on engaging much more of the court's limited time apparently to obtain detailed reasons for the court's discretionary decision.

Petitioner is neither a pre-trial detainee nor a successful habeas petitioner pending appeal.  He has cited no constitutional provision or federal statute that entitles him to release on bail at this stage in these particular proceedings.  He cites one case

---

[3]

Like petitioner, the court is frustrated at all the unnecessary time and effort this matter is taking.  However, the fault for the complications and delays lies directly and solely with Mr. McCormick, and his insistence on proceeding in ways that are not only unconventional but are also likely to be unsuccessful.

recognizing that a federal district court has inherent power to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas corpus. <u>Pfaff v. Wells</u>, 648 F.2d 689 (10th Cir. 1981); <u>see also</u> <u>U.S. v. Palermo</u>, 191 Fed.Appx. 812, 813 (10th Cir. 2006). His fervor suggests he is oblivious to the fact that the granting of such bail is so exceptional and rare that it is not often requested and seldom the subject of published case law.

A convicted prisoner who has had a full criminal trial and direct appeal is justifiably regarded in a very different posture than if there had been no prior judicial determination of his rights. As Mr. Justice Douglas long ago reasoned in denying a habeas petitioner's application for bail in <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964):

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. <u>Cf</u>. <u>Yanish v. Barber</u>, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). "There are thousands of prisoners confined in state prisons, any of whom, with a little assistance from their cell mates, would have no difficulty in drafting a petition for writ of habeas corpus which would allege substantial violations of constitutional rights. We do not propose, by ruling in this case, to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions. (Citing <u>Benson</u>, 328 F.2d at 163 FN2).

<u>Id</u>. Another district court, after quoting Justice Douglas in

<u>Aronson</u>, stated clearly as follows:

> Before, and during, (a criminal) trial, the accused
> enjoys a presumption of innocence, and bail is normally
> granted.  The presumption fades upon conviction, and can
> be of no significance after the defendant's appeal has
> been rejected.  Correspondingly, the state acquires a
> substantial interest in executing its judgment.  Quite
> apart from principles of comity, this combination of
> factors dictates a formidable barrier for those who seek
> interim release while they pursue their collateral
> remedies.  (Cites omitted).  We would express it in these
> terms.  Both in the district court, and on appeal, in the
> absence of exceptional circumstances-whatever that may
> include-the court will not grant bail prior to the
> ultimate final decision unless petitioner presents not
> merely a clear case on the law . . , but a clear, and
> readily evident, case on the facts.

<u>Edwards v. State of Okl.</u>, 412 F.Supp. 556, 560 (D. Okl. 1976),
cited by <u>Pfaff</u>, 648 F.2d at 693.

In this case, the court considered the facts, arguments and
circumstances alleged in petitioner's motion and memorandum and did
not find them to warrant his release on bail.  The correct standard
was applied that following a showing of exceptional circumstances
and a demonstration of a clear case on the merits, a court may, in
its discretion, grant the motion.  <u>Johnson v. Nelson</u>, 877 F.Supp.
569 (D.Kan. 1995); <u>see</u> <u>Mapp v. Reno</u>, 241 F.3d 221, 226 (2nd Cir.
2001), and cases cited therein (The court's power to grant bail to
habeas petitioners is a limited one, to be exercised only in
special cases upon a showing of exceptional circumstances); <u>see</u>
<u>e.g.</u> <u>Dotson v. Clark</u>, 900 F.2d 77, 79 (6th Cir. 1990)(For a prisoner
to receive bail pending a decision on the merits in a federal
habeas action, the prisoner "must be able to show not only a

6

substantial claim of law based on the facts, but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."). "There will be few occasions where this standard will be met." Id.; see Bolante v. Keisler, 506 F.3d 618, 619 (7th Cir. 2007)(the inherent power of federal court judges in habeas corpus proceedings to admit applicants to bail pending decision of their cases, is to be exercised very sparingly.); Johnston v. Marsh, 227 F.2d 528, 531 (3rd Cir. 1955).

As discussed earlier, the reason the power is "to be exercised very sparingly" is that a habeas corpus petitioner, unlike a pretrial detainee, has already been convicted of a crime rather than having been merely charged. Mr. McCormick has been tried, convicted and sentenced by a court of law. His criminal proceedings were affirmed by the Kansas appellate courts on direct appeal. As this court reasoned in its Order under challenge, petitioner's allegations and claims are not so plainly meritorious that this court is convinced there is a high probability of success on the merits. Petitioner does not allege any additional facts in his motion to alter judgment demonstrating a clear case on the merits or sufficient exceptional circumstances as would entitle him to release on bail. The court concludes no grounds are alleged or exist for this court to alter or amend its judgment entered March 12, 2008. Accordingly, petitioner's motion (Doc. 24) is denied.

**MOTION TO DISMISS AS "MIXED PETITION"**

Respondent moves to dismiss this action for failure to exhaust available state court remedies.  Petitioner initially attempted to bring his habeas corpus claims in a civil rights complaint that also presented an unrelated conditions-of-confinement claim.  <u>See</u> <u>McCormick v. Morrison</u>, 2008 WL 360586 (D. Kan. February 8, 2008). This court held that habeas corpus relief is not available in a civil rights action, and this separate action under § 2254 was filed.  As noted in a prior Order, this court always and properly screens a habeas corpus petition for exhaustion of state court remedies[4].  Mr. McCormick's petition was screened, and the court found he had not shown full exhaustion of state court remedies on all his claims.  Like every other litigant whose petition is facially deficient in this respect, he was ordered to show exhaustion[5].

_____

[4]

It has long been established that "before a petitioner may proceed in federal court under 28 U.S.C. § 2254, he or she must first exhaust viable state remedies." <u>Harris v. Champion</u>, 938 F.2d 1062, 1064 (10th Cir. 1991); <u>see</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)(A state prisoner is generally required to exhaust available state court remedies before filing a habeas corpus action in federal court.); <u>Hernandez v. Starbuck</u>, 69 F.3d 1089, 1092-93 (10th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1223 (1996).  28 U.S.C. § 2254(b) expressly provides:

(1)An application for a writ of habeas corpus . . . shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State, or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

<u>Id</u>.

[5]

In McCormick's civil action, this court found:

Petitioner seeks to challenge his convictions upon trial by jury in

8

In its order explaining that petitioner could not obtain
habeas relief in his civil rights action, this court cited Section
2254(b)(1) and discussed petitioner's failure to show exhaustion on
his habeas claims as follows:

> "A state prisoner must give the state courts an
> opportunity to act on his claims before he presents those
> claims to a federal court in a habeas petition."
> O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).
> Generally, the exhaustion prerequisite is not satisfied
> unless all claims asserted have been presented by
> "invoking one complete round of the State's established
> appellate review process."   Id. at 845.   In this
> district, that means the claims must have been "properly
> presented" as federal constitutional issues "to the
> highest state court, either by direct review of the
> conviction or in a post-conviction attack."   Dever v.
> Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir.

---

the District Court of Douglas County, Kansas, of aggravated
kidnaping, aggravated burglary, and aggravated intimidation of a
witness.  He represented himself at trial, with standby counsel, and
was sentenced on April 15, 2004, to a controlling term of 213 months
in prison.  He appealed his convictions to the Kansas Court of
Appeals (KCOA), with the assistance of appointed appellate counsel,
and the KCOA affirmed on May 25, 2007 (footnote omitted).   A
Petition for Review was denied by the Kansas Supreme Court on
September 27, 2007.  On November 28, 2007, petitioner filed a
101-page "petition for writ of habeas corpus, pursuant to
Ks.Sup.Ct.Rule 9.01 . . . ," directly in the Kansas Supreme Court
claiming his appellate counsel was constitutionally ineffective for
failing to properly raise several issues on his direct appeal.  The
Kansas Supreme Court summarily denied his petition on December 18,
2007.  The instant federal Petition was filed on December 31, 2007.

McCormick, 2008 WL 360586 at *2.  In the KCOA's published opinion, that court set
forth the issues raised by petitioner:

The defendant challenges the district court's refusal to appoint
substitute counsel; the admission of evidence seized in violation of
the Fourth Amendment; the admission of prejudicial photographs; the
denial of the defendant's request for a psychological evaluation of
the victim; and the court's jury instructions on aggravated
kidnapping and aggravated burglary.  The defendant further contends
the prosecution prejudiced his ability to obtain a fair trial by
withholding exculpatory evidence and committing multiple instances
of misconduct."

State v. McCormick, 37 Kan.App.2d 828, 830-31, 159 P.3d 194 (Kan.App. 2007).

1994).  Petitioner's claim that his appellate counsel was
ineffective, among others, does not appear to have been
properly presented through one complete round of the
state's appellate review process.  The court is not
convinced that his filing of an original action directly
in the Kansas Supreme Court amounted to full exhaustion
on those claims not presented in his direct appeal.
Instead, petitioner must follow proper procedures by
presenting all claims not raised on direct appeal in a
post-conviction motion filed first in the state district
court in which he was tried.  If relief is denied by that
court he must appeal to the Kansas Court of Appeals, and
if that court denies relief petitioner must file a
Petition for Review in the Kansas Supreme Court.
     Mr. McCormick's claims are not exhausted unless and
until he has presented each of them, including all
crucial facts and legal theories in support, to the state
district court, the Kansas Court of Appeals, and the
Kansas Supreme Court.  His belief that he could obtain no
relief from the district court in a motion under K.S.A.
§ 60-1507, and his filing of an extraordinary action
directly in the Supreme Court are simply not sufficient
to show or excuse full exhaustion.

McCormick, 2008 WL 360586 at *1-*2.  Thus, before the instant

Petition was even submitted, Mr. McCormick was plainly informed

that the federal habeas corpus statute and controlling case law

required that he first fully exhaust state court remedies.  See

Heck v. Humphrey, 512 U.S. 477, 480-81 (1994), citing Rose v.

Lundy, 455 U.S. 509 (1982).  In the court's Order in McCormick's

civil case, he was also informed:

     An alternative for Mr. McCormick is to amend his Petition
     to state only those claims which were fully exhausted on
     direct appeal.  However, if he attempts to raise any of
     the voluntarily dismissed claims in a subsequent federal
     petition, it will likely be barred as second and
     successive.

McCormick, 2008 WL 360586 at *2 FN2.  Petitioner was also fully

informed regarding the statute of limitations applicable to federal

10

habeas corpus petitions, 28 U.S.C. § 2244(d)[6].

As the Supreme Court explained in <u>Rose v. Lundy</u>:

> Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." <u>Ex parte Royall</u>, 117 U.S., at 251, 6 S.Ct., at 740. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." (Cites omitted.).

<u>Id</u>. at 518. The Supreme Court found "equally as important" that federal claims which have been "fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." <u>Id</u>.

The court in <u>Rose</u> noted that its rule encouraging exhaustion of all federal claims was particularly necessary in a case where "there is such a mixture" of claimed violations that "one cannot be

---

[6]

As petitioner was informed, this § 2254 petition, if dismissed without prejudice for failure to exhaust, will not have tolled the limitations period. On the other hand, the statute of limitations is tolled whenever "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is properly pending. 28 U.S.C. § 2244(d)(2). When petitioner was first ordered to show exhaustion, it did not appear that dismissal of this mixed Petition without prejudice would jeopardize the timeliness of a future federal petition raising all petitioner's claims. Instead, its timeliness depended upon Mr. McCormick exercising diligence by properly filing and fully appealing, if necessary, a timely, tolling-type state action; and then by filing another federal Petition before the federal limitations period fully expired in his case. Petitioner has been repeatedly informed of the relevant statutory provisions and the limitations period to aid him in securing federal review of all his potential habeas claims.

separated from and considered independently of the others."   The
Court stated:

> Requiring dismissal of petitions containing both
> exhausted and unexhausted claims will relieve the
> district courts of the difficult if not impossible task
> of deciding when claims are related, and will reduce the
> temptation to consider unexhausted claims.

Rose, 455 U.S. at 519.   To the extent exhausted and unexhausted

claims are interrelated, the district court may dismiss mixed

habeas petitions for exhaustion of all such claims.   Id.   As the

Supreme Court further reasoned:

> Rather than an "adventure in unnecessary lawmaking"
> (STEVENS, J., post, at 1214), our holdings today reflect
> our interpretation of a federal statute on the basis of
> its language and legislative history, and consistent with
> its underlying policies.   There is no basis to believe
> that today's holdings will "complicate and delay" the
> resolution of habeas petitions (STEVENS, J., post, at
> 1220), or will serve to "trap the unwary pro se
> prisoner."   (BLACKMUN, J., post, at 1209.)   On the
> contrary, our interpretation of §§ 2254(b), (c) provides
> a simple and clear instruction to potential litigants:
> before you bring any claims to federal court, be sure
> that you first have taken each one to state court.
>
> * * *
>
> [S]trict enforcement of the exhaustion requirement will
> encourage habeas petitioners to exhaust all of their
> claims in state court and to present the federal court
> with a single habeas petition.   To the extent that the
> exhaustion requirement reduces piecemeal litigation, both
> the courts and the prisoners should benefit, for as a
> result the district court will be more likely to review
> all of the prisoner's claims in a single proceeding, thus
> providing for a more focused and thorough review.

Rose, 455 U.S. at 519-20.

Respondent argues in his Motion to Dismiss that only the

following three issues have been properly presented to the "highest state court," as required by controlling case law[7]: (1) State's trial evidence was seized in violation of the Fourth Amendment and should have been suppressed; (2) petitioner was denied his Sixth Amendment right to counsel; (3) petitioner was denied due process and a fair trial by "pervasive government misconduct" during the criminal proceedings[8]. In support, respondent provides the state appellate briefs. Mr. McCormick bears the burden of demonstrating that he has exhausted his available state remedies on all his claims. See Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994), cert. denied, 513 U.S. 909 (1994); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992), cert. denied, 506 U.S. 924 (1992). The court finds petitioner does not present facts or exhibits which refute respondent's argument[9]. As the court already held, petitioner has

---

[7]

Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

[8]

In "Appellant's Petition for Review" filed in the Kansas Supreme Court on June 25, 2007, (Case No. 04-92408) McCormick sought review of the KCOA opinion affirming his convictions in the kidnaping case. The issues presented therein were: (I) "It was error for the court to permit Mr. McCormick to proceed pro se when he did not want to" and he was denied the right to trial counsel; (II) the trial court erred in denying suppression of evidence seized from defendant's computer and residence pursuant to an overly broad search warrant, and the KCOA's finding that its admission was harmless was erroneous; and (III) improper comments by the State denied defendant the right to a fair trial. These claims are the only ones that have been fully and properly exhausted.

[9]

Petitioner's objections, arguments and motions made during proceedings at the trial level do not, as he suggests, amount to full exhaustion of the claims addressed therein. As noted, any such claims must have also been presented on direct appeal, or to both appellate courts through appeal of a proper post-conviction motion. The latter process must be initiated in the trial court.

Nor does petitioner's pro se "Supplemental Petition for Review", which the docket sheet in Case 92408 indicates the court denied permission to file, establish full exhaustion of the claims raised therein.

13

not proven his attempt to by-pass normal procedures and present his claims directly to the Kansas Supreme Court amounted to exhaustion[10].

Respondent also argues that petitioner has available state post-conviction remedies by which he may still seek relief on his unexhausted claims. 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner has not provided facts establishing that state court remedies are either unavailable or ineffective[11]. His allegations

---

The court also holds petitioner did not properly exhaust his unexhausted claims by seeking habeas relief under Kansas Supreme Court Rule 9.01. It is most likely that the highest state court dismissed, rather than addressed, petitioner's claims in his "Rule 9.01 Petition" because relief was available by motion in the state district court. Petitioner's contrary arguments are rejected. Petitioner's opinion, standing alone, that his "Rule 9.01 Petition" was a fair presentation of his claims to the Kansas Supreme Court does not establish that it satisfied the exhaustion prerequisite. Petitioner himself opined that the Kansas Supreme Court's denial of his original action is not entitled to deference because it was not an adjudication on the merits. See Petition (Doc. 1) at pg. 6(b), FN 5. The normal procedure under Kansas law for presenting post-conviction challenges not raised on direct appeal is a motion pursuant to K.S.A. § 60-1507.

In sum, none of petitioner's conclusory allegations in his Response proves he fully exhausted state court remedies on any claims other than those presented in Appellant's Petition for Review to the Kansas Supreme Court.

[10]

Any grounds for petitioner's claim of "pervasive government misconduct," which were not presented to the Kansas Supreme Court in Appellant's Petition for Review are unexhausted.

[11]

Probability of success is not the test for determining the adequacy of state remedies. Thus, petitioner's negative assessment of the probability of his success in state district court does not excuse exhaustion. Boyd v. State of Oklahoma, 375 F.2d 481 (10th Cir. 1967)(That the issues may be determined against petitioner in state court does not provide grounds for questioning the adequacy or effectiveness of the remedy provided.).

that his direct criminal appeal was "inordinately delayed" do not persuade that the established post-conviction remedy in Kansas is inadequate.[12]   Nor does the court see any basis for holding that delay petitioner may have experienced in litigating his claims on direct appeal proves the post-conviction process for litigating unexhausted claims will be inordinately delayed and is therefore ineffective.

The court concludes that the only claims on which petitioner has fully exhausted his state court remedies are the three presented to the Kansas Supreme Court in Appellant's Petition for Review, as argued by respondent in his motion to dismiss.   The court further concludes that all other claims raised by petitioner have not been exhausted[13], and must be dismissed without prejudice.

---

[12]

The court again remarks that petitioner unnecessarily delays and even undermines his own litigation by not accepting rulings of the court or adhering to established procedures.   The record in Kan. App. Case No. 92408 reflects that during the first year after notice of appeal was filed several extensions were granted for preparation of at least 2800 pages of transcripts, at least four entries and withdrawals of different attorneys were docketed, and petitioner received five extensions of time for filing his initial appellate brief.   His original brief was received on July 21, 2005, but then new counsel was appointed, and briefing was stayed.   McCormick sought and was granted four extensions to file a Supplemental Brief, which was received on April 4, 2006.   The State then sought extensions for filing its Brief, received on September 21, 2006. McCormick filed a Reply Brief on October 25, 2006.   The "46 Volume" record was received from Douglas County on February 5, 2007.   The KCOA filed its opinion less than four months later, and the Petition for Review was denied a little over four months after that.   Petitioner's appeal is no longer pending and was resolved.   Thus, petitioner's conclusory statements, when compared with the on-line Kansas appellate court records, do not demonstrate "inordinate" delay.   In any event, there is no indication petitioner asserted his right to a timely appeal.   Moreover, his allegation that he remained in prison shows insufficient prejudice, given his incarceration is pursuant to a lawful sentence and retrial was not ordered.   Harris v. Champion, 15 F.3d 1538, 1565 (10th Cir. 1994).

[13]

Petitioner claims ineffective assistance of both trial and appellate counsel.   He must have presented the grounds for both these claims to the state

In an unpublished opinion, the Tenth Circuit Court of Appeals opined that <u>Rose</u> in part "was superseded by statute . . . upon the passage of (AEDPA), codified in relevant part at 28 U.S.C. § 2254(b)(2)," which states that "[a]n application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." <u>Rudolph v. Galetka</u>, 208 F.3d 227, **1 (10th Cir., Mar. 21, 2000, Table)[14]. The Tenth Circuit further stated, "This section allows federal district courts entertaining habeas petitions which contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner." This court recognizes it has discretion to hear and deny petitioner's unexhausted claims.[15]  However, it is not prepared to

---

courts.  With regard to defense counsel, he alleges he was denied a requested change of counsel and competent trial defense counsel.  This claim was sufficiently exhausted.  With regard to his appellate counsel, he claims she was constitutionally ineffective for failing to raise and argue several issues on direct appeal.  This claim has not been properly exhausted.

[14]

This unpublished opinion is not cited for its precedential value.

[15]

<u>Rose</u> was decided in 1982, fourteen years before the AEDPA placed a one-year time limit on filing a federal habeas corpus petition in federal court.  However, the AEDPA amendments to Section 2254 have certainly not abrogated the policy considerations found by the Supreme Court to underlie the exhaustion prerequisite.  Moreover, this prerequisite is stated even more forcefully in the amended version of Section 2254.

In <u>Rose</u>, the Court "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate this requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), quoting <u>Rose</u>, 455 U.S. at 522.  When the Court decided <u>Rose</u>, however, "there was no statute of limitations on the filing of federal habeas corpus petitions." <u>Id</u>.  Consequently, "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." <u>Id</u>.  The AEDPA "dramatically altered the landscape for federal habeas corpus petitions."

rule at this juncture that petitioner's unexhausted claims fail to present even a colorable federal claim.  See Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.), cert. denied, 522 U.S. 844 (1997). Petitioner's unexhausted claims are too numerous, often involve complicated arguments, and the voluminous full record has not been provided or reviewed.  The court therefore declines to exercise its discretion to consider and deny any of petitioner's unexhausted claims on the merits.

**OPTIONS TO WITHDRAW OR FILE SECOND AMENDED PETITION**

Prior to the passage of AEDPA and the amended 28 U.S.C. § 2254, the United States Supreme Court held:

> [A] district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

Rose, 455 U.S. at 510.  After AEDPA became applicable, the United States Supreme Court continued to state, "Under Rose, federal district courts must dismiss mixed petitions." Pliler v. Ford, 542 U.S. 230 (2004) citing Rose, 455 U.S. at 522.  The Supreme Court in

---

Id.  In particular, it "preserved [Rose]'s total exhaustion requirement," but "also imposed a 1-year statute of limitations on the filing of federal petitions." Id.  "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a (federal) petition for habeas corpus does not toll the statute of limitations." Id. (citations and internal quotation marks omitted). Duncan v. Walker, 531 U.S. 991 (2001).  As a result, "petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id.

<u>Burton</u>, 549 U.S. 147, 127 S.Ct. at 797-98 explained:

> The plurality opinion in <u>Rose v. Lundy</u>, stated that district courts should dismiss "mixed petitions"--those with exhausted and unexhausted claims--and that petitioners with such petitions have two options.  They may withdraw a mixed petition, exhaust the remaining claims, and return to district court with a fully exhausted petition.  We have held that in such circumstances the later filed petition would not be "second or successive."
>
> Alternatively, prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.  (Cites omitted).

<u>Id</u>.  The Court further warned:

> The combined effect of <u>Rose</u> and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all his claims-including those already exhausted . . . .

<u>Pliler</u>, 542 U.S. at 230.

Thus, petitioner has two main options in this action: (1) this Petition may be dismissed without prejudice for him to return to state court and exhaust his unexhausted claims, and after exhaustion is complete he may submit a new federal petition raising all his claims; or (2) all unexhausted claims must be dismissed and petitioner may proceed further in this federal action only upon those claims this court has found to be exhausted[16].  If he chooses

---

[16]   The facts before the court do not indicate stay and abeyance would be appropriate at this time.  <u>Cf</u>. <u>Rhines</u>, 544 U.S. at 269.  As the Supreme Court explained, stay and abeyance should "be available only in limited circumstances."  <u>Id</u>.  The Court also directed that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

18

to continue to proceed herein on his exhausted claims, whether or not it is "with objection," any future habeas corpus petition he attempts to submit regarding these convictions or sentences will likely be barred as second or successive.   See 28 U.S.C. § 2244(b)(2).

Petitioner will be given time to submit for filing herein a "Second Amended Petition" setting forth only the three claims the court has found to be exhausted.  If he does not file a Second Amended Petition in the time allotted by the court, his mixed petition shall be dismissed without prejudice on account of his failure or refusal to proceed only upon his exhausted claims.

For sake of clarity, the Second Amended Petition to be filed by Mr. McCormick must conform to the following directives, or it will be dismissed without prejudice as a mixed petition.  The directives are:

1.  The Second Amended Petition must be submitted on the forms provided by the court in compliance with local court rules. Petitioner must answer all applicable questions in the forms, and may not submit additional sheets except to complete an answer begun on the form Petition.

2.  Petitioner is to raise only the three issues found by this court herein to be exhausted.  He is to present the factual and

---

exhaust his claims first in state court."  Id.  There is no indication of good cause for petitioner's failure to exhaust his state court remedies.

legal bases for his exhausted claims only as well as answers to other applicable questions on the forms.

3.   Petitioner is not to argue or present material on any unexhausted issue in his Second Amended Petition.

4.   Petitioner is not to include in his Second Amended Petition any argument regarding prior rulings of this court herein.

5.   No petitions, memoranda, or motions previously filed by Mr. McCormick in this, his pending civil case, or state court are to be incorporated into his Second Amended Petition only by reference to the prior pleading with no indication as to content. If Mr. McCormick refers in his Second Amended Petition to any prior pleading or motion filed by him without at least a summary of the content, the referenced material will not be considered. Petitioner may cut and paste content copied from his prior pleadings, quote or summarize.

6.   Petitioner may refer to his exhibits submitted herein to support content in his Second Amended Petition, as long as he adequately describes the pleading to which the particular exhibit is attached, the exhibit itself, and the purpose for its citation.

Petitioner is also directed not to submit repetitive motions regarding recusal, reconsideration, expedited treatment, or release on bail in this action.  If he does submit any such arguments or motions, they may be disregarded by the court or summarily denied.

To expedite these proceedings, no other motion will be

addressed herein until petitioner has filed either a Second Amended Petition that complies with this Memorandum or a motion to withdraw or voluntarily dismiss this action without prejudice so that he might pursue exhaustion[17].   The court will rule on defendant's motion to dismiss once petitioner selects his option, or the time for petitioner to select has passed.   If petitioner fails, within the time allotted, to file a Second Amended Petition as directed or a motion to withdraw or dismiss, defendant's motion will be sustained and the pending Petition will be dismissed, without prejudice, as a mixed petition.

The court has considered petitioner's latest Motion to Expedite Proceedings (Doc. 29) and finds it should be denied.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter or Amend Judgment (Doc. 24) and petitioner's Motion to Expedite Proceedings (Doc. 29) are denied.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to either voluntarily dismiss or withdraw this "mixed petition" to exhaust state court remedies on all his claims, or in the alternative, to file a Second Amended Petition, which presents only those issues this court has held to be exhausted and which complies with all the directives set forth herein.

---

[17]

If petitioner chooses to exhaust, the court again encourages him to at once properly file a post-conviction action in state court.  His unexhausted claims could become defaulted if he allows the applicable state limitations period to pass without properly initiating a state court action.

The Clerk is directed to transmit forms for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 to petitioner.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge