```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

              **Petitioner,**

       v.                       CASE NO.  08-3058-SAC

**STEPHEN SIX,**

              **Respondent.**

### O R D E R

On May 30, 2008, this court ordered petitioner to file within twenty (20) days either a Second Amended Petition asserting only those of his claims found by this court to be exhausted, or a motion to voluntarily dismiss this petition, without prejudice, so he might return to state court to exhaust remedies on his several unexhausted claims. Petitioner was forewarned that if he failed to file either in the time allotted, this petition would be dismissed as a mixed petition. Rather than responding to the court's order under either option, petitioner filed a frivolous motion for reconsideration against the direction of the court; and a Notice of Appeal, even though no final order had been entered in this action. Petitioner's "apparently premature" appeal to the Tenth Circuit Court of Appeals was dismissed for lack of jurisdiction.

The court finds that petitioner's Motion for Certificate of Appealability (Doc. 35) filed on July 3, 2008, in connection with his premature, dismissed appeal (App No. 08-3179) should be denied as moot.

This matter is currently before the court because

petitioner has now filed an "Amended Conditional Notice of Appeal and Request for COA" (Doc. 40).  Rather than simply filing an interlocutory appeal of any rulings[1] thus far made by this court in this case, petitioner attempts to file an anticipatory Notice of Appeal, alleging that "IF" this court dismisses his petition, he hereby appeals.  As the Tenth Circuit Court advised in its dismissal of his last premature appeal, Mr. McCormick is obliged to file a timely notice of appeal after an order dismissing this case is entered, and a premature notice of appeal does not "carry over" to any future order.  Again, petitioner has filed a Notice of Appeal when no order dismissing this case has been entered.[2]  Petitioner's anticipatory Notice of Appeal is of no effect, for the reason that petitioner may not file a Notice of Appeal of an order of dismissal until the order of dismissal has actually been entered.  For this reason, the court finds that petitioner's request for a Certificate of Appealability must be denied.

The court further finds that petitioner has not submitted the appellate court filing fee or submitted a properly documented motion to proceed in forma pauperis on appeal.  He is given twenty (20) days in which to either submit the filing fee of $455.00, or a proper motion.

---

[1] Despite the fact that petitioner has not designated his appeal as interlocutory, the clerk's office has again docketed his notice of appeal as interlocutory for the reason that no final order has been entered in this case.

[2] Petitioner prevents the entry of such an order, despite the fact that the time has expired for him to comply with the court's order dated May 30, 2008, since his filing of a Notice of Appeal removes this court's jurisdiction over this case.

**IT IS THEREFORE ORDERED** that petitioner's Request for a Certificate of Appealability (Doc. 40) is denied because no final order has been entered in this case.

**IT IS FURTHER ORDERED** that petitioner's prior Request for a Certificate of Appeability (Doc. 35) is denied as moot.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days to either submit the appellate court filing fee of $455.00 to the clerk of this court or a properly documented motion for leave to appeal in forma pauperis.

The clerk is directed to transmit forms to petitioner for filing an in forma pauperis motion.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge