```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

                  **Petitioner,**

             v.                   CASE NO.  08-3058-SAC

**STEPHEN SIX,**

                  **Respondent.**

### O R D E R

On May 30, 2008, this court ordered that within twenty (20) days petitioner must choose either to proceed only upon those of his claims found by this court to be exhausted, or dismiss this petition, without prejudice, so he might return to state court to exhaust remedies on his several unexhausted claims. If Mr. McCormick chose to proceed on his exhausted claims, he was to file a "Second Amended Petition" setting forth the three claims the court had already found were exhausted. Petitioner was informed that if he did not file a Second Amended Petition in the time allotted, his "mixed petition" would be dismissed without prejudice on account of his failure or refusal to proceed only upon his exhausted claims. Rather than complying with the court's order by exercising either option, petitioner filed a frivolous motion for reconsideration rehashing his arguments[1], and a Notice of Appeal

---

[1] Petitioner's arguments regarding exhaustion have been thoroughly considered and rejected, and this court's rulings regarding exhaustion have been repeatedly discussed in this case and in <u>McCormick v. Morrison</u>, 2008 WL 360586 (D.Kan., Feb. 8, 2008). Petitioner misrepresents the court's rejection of his arguments as the court's failure to consider them or judicial bias.

even though no final order had been entered in this action. Petitioner's premature appeal to the Tenth Circuit Court of Appeals was dismissed for lack of jurisdiction. Mr. McCormick then filed an "anticipatory" notice of appeal ("Amended Conditional Notice of Appeal") and this court denied a certificate of appealability thereon, again because no final order has been entered. This matter is currently before the court on petitioner's "Amended Notice of Interlocutory Appeal" (Doc. 43). In this Notice, he amends his "Amended Conditional Notice of Appeal" (Doc. 40) to "Amended Notice of Interlocutory Appeal" (Doc. 43), and states that he appeals "from this court's 5/30/08 order, and the 6/24/08 order (doc. 33) denying my motion to reconsider the 5/30/08 order," and "any other adverse decision previously made in the case, in particular this court's denial of my motion for recusal."

No final order appealable as of right has been entered in this case. Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals "only possesses appellate jurisdiction over 'final decisions' of district courts." See Roska ex rel. Roska v. Sneddon, 437 F.3d 964, 969 (10th Cir. 2006). This requirement "precludes consideration of decisions . . . that are but steps towards final judgment in which they will merge." North American Specialty Ins. Co. v. Correctional Medical Services, Inc., 527 F.3d 1033, 1038 (10th Cir. 2008), citing Roska, 437 F.3d at 969 (internal quotation marks and brackets omitted).

28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited

2

circumstances. Subsection (b) of § 1292 pertinently provides:

> b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Id. Having carefully considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal.

Petitioner does not seek to appeal one of the few actions for which interlocutory appeals are expressly allowed under Section 1292, such as the denial or issuance of an injunction. See Swint v. Chambers County Com'n, 514 U.S. 35, 45-46 (1995). Thus, in order for this interlocutory appeal to proceed as to the "otherwise not appealable orders," this court must issue the written certification required by Section 1292. Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1495

3

(10th Cir.), *citing* S.Rep. 2434[2], 1958 U.S.C.C.A.N. at 5262, <u>cert</u>. <u>denied</u>, 513 U.S. 872 (1994). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." <u>Kennecott</u>, 14 F.3d at 1495.

This court does not believe that an immediate appeal at this late juncture from any of the orders previously entered herein could materially advance the ultimate termination of this litigation. To the contrary, if this case is certified for interlocutory appeal, assuming the Tenth Circuit agreed to accept it, resolution of this case by this court will continue to be substantially delayed by any interlocutory proceedings and subsequent proceedings in this court. Moreover, once this case is resolved in this court, a second appeal would surely be pursued. Thus, an interlocutory appeal would likely result in duplicative efforts.

Moreover, the basis for the court's exhaustion ruling is Tenth Circuit precedent holding that a habeas corpus petitioner has the burden of proving exhaustion and exhaustion must proceed through one full round of the available state court remedies, including district court, the Kansas Court of Appeals and the Kansas Supreme Court. Thus, it can hardly be said that the

---

[2] The full cite for this "appendix to Senate report" in <u>Kennecott</u>, 14 F.3d at 1495, is S.Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958)(hereinafter S.Rep. 2434), reprinted in 1958 U.S.C.C.A.N. 5255, 5255; see Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv.L.Rev. 607, 609-11 (1975)(avoidance of wasted trial court time is sole purpose of § 1292(b)).

4

question is one as to which there is "substantial ground for difference of opinion."

Furthermore, Congress has set a time limit on the filing of an appeal. Both 28 U.S.C. § 2107(a)[3] and Rule 4(a) of the Federal Rules of Appellate Procedure require a notice of appeal in a civil case to be filed with the district clerk within thirty days after the judgment or order appealed from is entered. See Alva v. Teen Help, 469 F.3d 946, 948 (10th Cir. 2006). As the Tenth Circuit observed in Alva:

> For nearly sixty years we have treated the timely filing of a notice of appeal in both criminal and civil actions as mandatory and jurisdictional. (Citations omitted). Thus, a party's failure to timely file a notice of appeal would result in dismissal of the appeal for lack of jurisdiction. (Citations omitted).

Id. at 951. The time appears to have expired for petitioner to file an interlocutory appeal of any order entered herein prior to June 30, 2008. Petitioner's motion for recusal is one such order. In any event, the denial of a motion for recusal is ordinarily not appealable as an interlocutory order under § 1292. 64 A.L.R. Fed. 433, § 5(b).

The time for appeal of an appealable order may be tolled by filing a motion for reconsideration within the time period for

---

[3] Section 2107(a) provides: "[N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or degree."

5

appeal[4]. Petitioner filed a motion for reconsideration of this court's order entered May 30, 2008 (hereinafter Doc. 30), within thirty days of its entry. The motion was denied on June 24, 2008. Thus, petitioner had until July 24, 2008, to file a proper notice of interlocutory appeal with regard to the denial of his motion for reconsideration. Mr. McCormick filed no timely request for an extension of time to appeal. <u>See</u> Fed. R.App. 4(a)(5)(A)(i), (ii)(a district court may extend the time to file a notice of appeal if a party moves for such extension no later than thirty days after the time for filing a notice of appeal expires and the party shows excusable neglect or good cause); <u>see also</u> <u>Bishop v. Corsentino</u>, 371 F.3d 1203, 1206 (10th Cir. 2004). This court need not decide if Mr. McCormick's premature Notice of Appeal extended the time for an interlocutory appeal of that order. Suffice it to say that petitioner fails to present facts, arguments or authorities indicating that the appeal of every order he seeks to appeal is timely, and thus does not establish the jurisdiction of the Tenth Circuit Court of Appeals[5]. <u>Smith v. Barry</u>, 502 U.S. 244, 245

---

[4] However, once the time for appealing the denial of a motion has passed, the right to appeal cannot be revived by filing a successive motion without new evidence in support. In other words, failure to appeal within the time limits forecloses an attempt to bring the same questions before the appellate court by simply renewing the motion and appealing the second denial. Failure to take an interlocutory appeal should not preclude review of the issue on appeal of a final judgment, so long as it is relevant to the final judgment.

[5] "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." <u>Bowles v. Russell</u>, --- U.S. ----, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007); <u>see also</u> <u>Budinich v. Becton Dickinson and Co.</u>, 486 U.S. 196, 203 (1988)("the taking of an appeal within the prescribed time is mandatory and jurisdictional").

(1992)(Under FRAP Rule 3, federal appellate jurisdiction is "conditioned on the filing of a timely notice of appeal.). The court concludes from the foregoing that petitioner's interlocutory appeal shall not be certified.

In addition, the court concludes that this action should now be dismissed. The court finds that petitioner has failed to respond to this court's order entered May 30, 2008, and the time for him to respond has expired. This matter was not automatically stayed by the filing of a notice of interlocutory appeal, and petitioner has not filed a motion to stay. The court concludes that this action should be dismissed because the Petition is "mixed" and Mr. McCormick has not filed a Second Amended Petition containing only exhausted claims. The court is convinced that dismissing this mixed petition for failure to exhaust will in the long run best serve Mr. McCormick's interests in having all his claims reviewed in federal court; and will avoid piecemeal litigation regarding Mr. McCormick's state court convictions challenged herein. Following this final resolution, any party who chooses to appeal may present to the Tenth Circuit Court of Appeals a complete record and a complete presentation of all appealable issues. Petitioner is required to file a timely Notice of Appeal in order to appeal the court's final judgment in this action.

**IT IS THEREFORE ORDERED** that this court declines to certify petitioner's interlocutory appeal (Doc. 43).

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss

for Failure to Exhaust Available State Court Remedies (Doc. 16) is sustained; and that this action is dismissed, without prejudice, as a mixed petition, because petitioner has refused or failed to file a Second Amended Petition proceeding only upon his exhausted claims within the time provided by the court.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge