```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

                **Petitioner,**

           v.                  CASE NO.  08-3058-SAC

**STEPHEN SIX,**

                **Respondent.**

### O R D E R

On August 8, 2008, this court entered judgment dismissing this habeas corpus action, filed pursuant to 28 U.S.C. § 2254, without prejudice.  Petitioner has since filed a Motion to Alter or Amend Judgment (Doc. 49) arguing this court lacked jurisdiction to enter its order dismissing this action because his appeal, which he amended to be interlocutory, was pending[1].  Since this motion was filed within ten days of entry of the judgment, it is treated as one under Rule 59(e), Federal Rules of Civil Procedure.  <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991), <u>cert</u>. <u>denied</u>, 506 U.S. 828 (1992).

Having considered the motion, the court finds it should be denied.  Petitioner does not convince the court that its judgment is void based upon his allegations that it was entered during the

---

[1] Petitioner's last appellate filing in this court was his amended notice of interlocutory appeal, which he asked to have relate back to his initial Notice of Appeal.  It is often difficult to discern what to make of petitioner's pleadings since he rarely cites rules or authorities that actually guided or permit his demands for court action.  Nevertheless, his first two notices of appeal were premature, and his amended notice of interlocutory appeal was not certified by this court.  Thus, this court had jurisdiction to enter its order of dismissal.

pendency of his amended interlocutory appeal. Petitioner's appeal, whether interlocutory, anticipatory, or premature, was dismissed by the Tenth Circuit Court of Appeals on August 21, 2008. He states no other viable and fact-supported ground for relief from the judgment of dismissal available under Rule 59(e).[2] He does not even refer to a statutory basis for his motion.

As petitioner was advised in the order dismissing his appeal, he may initiate a new appeal by timely filing a notice of appeal from this court's order of dismissal and judgment.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter or Amend Judgment (Doc. 49) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[2] Under FRCP Rule 59(e), the court may alter or amend an order or judgment, on one of three recognized grounds: an intervening change in controlling law, availability of new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. A motion under Rule 59(e) does not provide the movant a second opportunity to restate, clarify, improve, or rehash arguments that previously failed. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).